1
2
3
4
5
6       IN THE UNITED STATES DISTRICT COURT
7       FOR THE DISTRICT OF ARIZONA
8
9   Andrew M. Love,                          )   No. CV-06-1999-PHX-NVW (LOA)
                                             )
10          Petitioner,                      )   **REPORT AND RECOMMENDATION**
                                             )
11  vs.                                      )
                                             )
12  Ivan C. Bartos, et. al,                  )
                                             )
13          Respondents.                     )
    ─────────────────────────────────────   )
14
15          This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28
16  U.S.C. § 2254.  (docket # 1)  Respondents have filed an Answer (docket # 10) to which
    Petitioner has replied.  (docket # 11)
17
18                  **FACTUAL AND PROCEDURAL BACKGROUND**
19          On March 21, 2001, the Maricopa County Attorney filed an information in CR2001-
20  091540 charging Petitioner with the following crimes: Count 1, second-degree burglary; Count
21  2, attempted second-degree burglary; and Count 3, possession of burglary tools. (Respondents'
22  Exh. A) On March 20, 2001, Petitioner pleaded guilty to possession of burglary tools in
23  exchange for the dismissal of the other two counts.  (Respondents' Exh. B) The trial court [1]
24  accepted the plea, suspended sentence, and ordered Petitioner to serve three years on probation.
    (Respondents' Exhs. C-D)
25
26          Thereafter, on April 29, 2002, Petitioner was indicted in CR2002-093005 on the
27  following 16 counts: four counts of sexual exploitation of a minor; six counts of child
28
    ─────────────────
        [1]  The Honorable James H. Keppel presided.

molestation; one count of sexual conduct with a minor; two counts of theft of a credit card, one count of second-degree burglary; one count of theft; and one count of possession or use of dangerous drugs. (Respondents' Exh. E) The State also alleged that Petitioner had prior felony convictions and had committed the current offenses while on probation for his conviction in CR2001-091540. (Respondents' Exhs. F-G) Pursuant to a plea agreement, on January 16, 2003, Petitioner pleaded guilty to the following charges: amended count 1 for attempted sexual exploitation of minor; amended count 7 for attempted child molestation, amended count 9 for attempted sexual conduct with a minor, and count 5 for child molestation. (Respondents' Exh. H) The court[2] accepted the plea and on April 23, 2003 sentenced Petitioner to consecutive aggravated terms of 15 years' imprisonment for attempted sexual conduct with a minor under amended count 9 and 24 years' imprisonment for child molestation under count 5. (Respondents' Exh. L at 14-21; Exh. M at 2-4) The trial court also imposed lifetime probation for both the attempted sexual exploitation of a minor and the attempted child molestation convictions. (Id.)

### ***Rule 32 "of-right" Proceeding***

By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. However, he retained his right to seek review in an "of-right proceeding" under Arizona Rule of Criminal Procedure 32. Ariz.R.Crim.P. 32.1, 32.4.

On May 2, 2003, Petitioner filed a notice of review under Ariz.R.Crim.P. 32. (Respondents' Exh. O) The court-appointed counsel who subsequently notified the court that he was "unable to find any claims for relief to raise in post-conviction relief proceedings." (Respondents' Exh. P) Petitioner subsequently filed a *pro se* petition alleging that his "sentence was enhanced due to a violation of plea agreement." (Respondents' Exhs. Q, R) On March 18, 2004, the court rejected Petitioner's claims and dismissed the petition. (Respondents' Exh. U) Petitioner did not seek review in the Arizona Court of Appeals. (docket # 1 at 2; Exh. CC)

---

[2] The Honorable James H. Keppel presided.

1

***Post-Conviction Proceedings***

2       On August 23, 2004, Petitioner filed an untimely notice of post-conviction relief alleging

3 that his aggravated sentences violated the rule recently announced in <u>Blakely v. Washington</u>,

4 542 U.S. 196 (2004).  (Respondents' Exh. V)  On September 10, 2004, the trial court dismissed

5 Petitioner's notice of post-conviction relief as untimely.  (Respondents' Exh. W)  The court

6 noted that the Petition was untimely and not subject to review unless Petitioner established that

7 <u>Blakely</u> was a significant change in the law that applied to his case and, therefore,

8 Ariz.R.Crim.P. 32.1(g) permitted the court to consider his untimely notice.  As previously

9 stated, the court determined that Petitioner's notice of post-conviction relief was untimely and

10 was not within any exception for untimeliness because <u>Blakely</u> did not apply retroactively to

11 Petitioner's case which was final before <u>Blakely</u> was decided.  (Respondents' Exh.W) Petitioner

12 sought review in the Arizona Court of Appeals which was denied on August 3, 2005.

13 (Respondents' Exh. BB)  Petitioner did not petition the Arizona Supreme Court for review

14 (Respondents' Exh. CC)

15      ***The Petition***

16       Thereafter, on August 14, 2006 Petitioner filed the pending Petition for Writ of Habeas

17 Corpus alleging that his aggravated sentence violates his Sixth Amendment right to a jury trial

18 under <u>Blakely</u>.  Respondents assert that the Petition is untimely and that <u>Blakely</u> does not apply

19 retroactively to Petitioner's case which was final before <u>Blakely</u> was decided.  Petitioner claims

20 that he has diligently attempted to pursue his claims and, therefore, his Petition should not be

21 dismissed.

22                                    **ANALYSIS**

23 **I.  Statute of Limitations**

24       On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")

25 went into effect drastically altering the time limit imposed on state prisoners filing habeas

26 corpus petitions in federal court.  Before the AEDPA, virtually no time limit restrained the filing

27 of federal habeas petitions.  <u>Calderon v. United States Dist. Court</u>, 128 F.3d 1283, 1286 (9th Cir.

28

1997) (Beeler), *cert. denied*, 523 U.S. 1, and *cert. denied*, 523 U.S. 1061 (1998), *overruled in*

part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530, *cert.*

*denied*, 119 S.Ct. 1377 (1999). The AEDPA established a one-year period in which to file a

petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). Because Petitioner

filed his Petition after the effective date of the AEDPA, it governs this action.

Title 28 U.S.C. § 2244 provides, in pertinent part, that:

(D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period shall run from the latest of-

(A) the date on which the judgment became *final by conclusion of direct review* or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A)(emphasis added).

**A. "Final by Conclusion of Direct Review"**

To assess the timeliness of Petitioner's Petition for Writ of Habeas Corpus, the Court

must first determine the date on which Petitioner's conviction became "final by conclusion of

direct review." 28 U.S.C. § 2244(d)(1)(A). In making this determination, it is significant that

by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. A.R.S. §

13-4033(B). Petitioner, however, retained the right to seek review in an "of-right" proceeding

pursuant to Ariz.R.Crim.P. 32. Ariz.R.Crim.P. 32.1, 32.4.

The Ninth Circuit recently addressed, as a matter of first impression, the question of

when the conviction of a pleading defendant in Arizona becomes "final by the conclusion of

direct review" for purposes of 28 U.S.C. § 2244(d)(1). Summers v. Schriro, 481 F.3d 410, 411

(9th Cir. 2007). The Ninth Circuit held that an "'of-right proceeding,' available under Arizona

Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct

review' within the meaning of 28 U.S.C. § 2244(d)(1)." Id. at 711. The Summers court

explained that "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's

one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right

proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."  Id.

Prior to Summers, numerous courts had followed Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1055 (9th Cir. 2004) in which the Ninth Circuit assumed, without deciding, that an Arizona pleading defendant's conviction becomes final upon sentencing because the guilty plea waives his right to direct appeal.  see, Pettijohn v. Schriro, No. CV-06-00948-PCT-NVW (MEA), 2007 WL 162688 (D.Ariz, Jan. 18, 2007); Gutierrez v. McDaniel, No. CV-06-0085-PHX-SRB (JRI), 2006 WL 3449098 (D.Ariz., Nov. 29, 2006); Jones v. Schriro, No. CV-05-3831-PHX-SRB (JRI), 2006 WL 2640618 (D.Ariz. Sept. 13, 2006); Bradford v. Schriro, CV-06-0530-PHX-NVW (MEA), 2006 WL 1722310 (D.Ariz. June 20, 2006);Levya v. Schriro, No. CV-04-1871-PHX-SRB (JRI), 2006 WL 1620301(D.Ariz. June 7, 2006); Bailey v. Schriro, No. 05-0650-PHX-ROS (JRI) 2006 WL 1543983, * 3 (D.Ariz. June 2, 2006); Lusian v. Kimble, No. 05-1399-PHX-DGC (ECV), 2006 WL 1305250 (D.Ariz. May 10, 2006).

Indeed, Respondents relied on Isley in support of their assertion that Petitioner's conviction became final on April 23, 2003, the date on which the trial court entered judgment and sentenced Petitioner.  After Summers, it is now clear that Petitioner's conviction did not become final on the date of sentencing.  Although Respondents incorrectly asserted that Petitioner's conviction became final on the date of sentencing, the remainder of their analysis regarding the timeliness of the petition is accurate.

Under Summers, because Petitioner pleaded guilty, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review."  Summers, 418 F.3d at 711. Here, Petitioner pleaded guilty and was sentenced on April 23, 2003.  By virtue of his plea, the only avenue of "direct" review was a Rule 32 of-right proceeding.  Under Ariz.R.Crim.P. 32, Petitioner had ninety days from the entry of judgment and sentence within which to file a notice of review under Rule 32.  Ariz.R.Crim.P. 32.1, 32.4(a)(stating that "[i]n a Rule 32 of-right

1    proceeding the notice must be filed within ninety days after the entry of judgment and sentence
2    or within thirty days after the issuance of the final order or mandate by the appellate court in the
3    petitioner's first petition for post-conviction relief proceeding.") Petitioner filed a timely notice
4    of Rule 32 review on May 2, 2003. (Respondents' Exh. O) On March 18, 2004, the trial court
5    dismissed the Rule 32 of-right proceeding. (Respondents' Exh. U) Petitioner had thirty days
6    after the trial court dismissed the Rule 32 of-right proceeding within which to petition the
7    appellate court for review. Ariz.R.Crim.P. 32.9(c). Petitioner did not seek appellate review
8    of the trial court's March 18, 2004 order dismissing his Rule 32 of-right proceeding.
9    Accordingly, his conviction became final on April 18, 2004, when the time for seeking review
10   of the denial of his Rule 32 of-right petition expired. Summers, 481 F.3d at 411.

11       The AEPDA limitations period commenced on April 19, 2004 and expired on or about
12   April 19, 2005. Petitioner did not file his pending § 2254 petition until August 14, 2006.
13   (docket # 1) Accordingly, absent tolling, it is untimely.

14       **B. Tolling the Limitations Period**

15       **1. Statutory Tolling**

16       Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a
17   "*properly filed* application for State post-conviction or other collateral review with respect to
18   the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)(emphasis added); Nino
19   v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)(stating that an application for collateral review
20   is pending in State court for "all the time during which a state prisoner is attempting, through
21   proper use of state court procedures, to exhaust state remedies with regard to particular post-
22   conviction proceedings.") This time period includes the intervals between the disposition of an
23   appeal or post-conviction petition and the filing of an appeal or successive petition at the next
24   state appellate level. Nino, 183 F.3d at 1006.

25       As previously stated, the AEDPA limitations period commenced on April 19, 2004. On
26   August 23, 2004, Petitioner filed a second notice of post-conviction relief asserting a claim
27   under Blakely. (Respondents' Exh. W) The trial court rejected that notice as untimely and,

28                                      - 6 -

1    therefore, it was not properly filed.  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005);

2    Satterfield v. Johnson, 434 F.3d 185, 192 (3rd Cir. 2006)(noting that "the Court in Pace made

3    clear that a petition ruled untimely by a state court cannot be 'properly filed' even if some

4    judicial review is necessary to determine if the filing condition, or an exception to it, is met.")

5         The state court found that the Blakely claim raised in Petitioner's untimely notice of post-

6    conviction relief did not fit within any of the categories that can be raised in an untimely

7    petition.  See, Ariz.R.Crim.P. 32.4 (providing that any notice not timely filed may only raise

8    claims pursuant to Ariz.R.Crim.P. 32.1(d)-(h)).  To determine whether the untimely notice of

9    post-conviction relief fell within the Rule 32.1(g) exception, the trial court had to determine if

10   "[t]here had been a significant change in the law that if determined to apply to defendants' case

11   would probably overturn the defendant's conviction or sentence."  Ariz.R.Crim.P. 32.1(g)   In

12   other words, the trial court had to determine whether Blakely applied retroactively to Petitioner's

13   case.  The court found that because Petitioner's convictions and sentences had become final

14   before Blakely was decided on June 24, 2004, Blakely did not apply retroactively to Petitioner's

15   case.  Therefore, Ariz.R.Crim.P. 32.1(g) did not apply and Petitioner's notice filed August 23,

16   2004 was untimely.

17        An untimely notice of post-conviction relief is not properly filed for § 2244(d)(2)

18   purposes, and therefore, does not toll the limitations period.  Pace, 544 U.S. at 416-17 (stating

19   that an untimely notice of post-conviction relief is not properly filed for § 2244(d)(2) purposes,

20   and therefore, does toll the AEDPA limitations period).   The Supreme Court has held that

21   "when a petition is untimely under state law, 'that [is] the end of the matter' for purposes of §

22   2244(d)(2)."  Pace, 544 U.S. at 414-17(holding that "time limits, no matter their form, are 'filing'

23   conditions.  Because the state court rejected petitioner's [notice of post-conviction relief] as

24   untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §

25   2244(d)(2).")  Because Petitioner's August 23, 2004 notice of post-conviction relief did not toll

26   the AEDPA limitations period it expired on or about April 19, 2005.  Petitioner did not file his

27

28

1  pending § 2254 petition until August 14, 2006.  (docket # 1) Accordingly, the pending Petition

2  is untimely absent equitable tolling.

3       **2.  Equitable Tolling**

4       The Ninth Circuit recognizes that the § 2244(d) limitations period may be equitably

5  tolled because it is a statute of limitations, not a jurisdictional bar.  Calderon (Beeler), 128 F.3d

6  at 1288.  Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control

7  make it impossible to file a petition on time."  Id.; see also, Miranda v. Castro, 292 F.3d 1063,

8  1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger equitable tolling [under

9  AEDPA] is very high, lest the exceptions swallow the rule.")(citations omitted); Spitsyn v.

10  Moore, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's lack

11  of diligence, account for the failure to file a timely claim, equitable tolling of the statute of

12  limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The

13  extraordinary circumstances requirement is a "high hurdle," see Calderon (Beeler), 128 F.3d at

14  1289, and policy considerations counsel against equitable tolling.  Mohasco Corp. v. Silver, 447

15  U.S. 807, 826 (1980).  A petitioner seeking equitable tolling must establish two elements: "(1)

16  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

17  stood in his way." Pace, 544 U.S. at 418.

18       As a general matter, Petitioner's status as a prison inmate does not constitute an

19  extraordinary circumstance beyond his control warranting the tolling of the one-year limitations

20  period.  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Likewise, Petitioner's lack of

21  familiarity with the law and lack of legal assistance do not toll the limitations period.  Rasberry

22  v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Hughes v. Idaho State Board of Corrections, 800

23  F.2d 905, 909 (9th Cir. 1986)(finding that a *pro se* prisoner's illiteracy was not sufficient to

24  satisfy the standard of an objective, external factor amounting to "cause" for purposes of

25  avoiding the procedural bar on his habeas claim); see also, Lewis v. Casey, 518 U.S. 343, 351

26  (1996)(holding that there is no "freestanding right to a law library or legal assistance.")

27

28

Petitioner has failed to present any circumstances that would justify equitably tolling the AEDPA statute of limitations.  Accordingly, his § 2254 Petition should be denied as untimely.

**II.  Petitioner's <u>Blakely</u> Claim**

In addition to being untimely, Petitioner's claim fails because <u>Blakely</u> does not apply retroactively to cases that were final on direct review before <u>Blakely</u> was decided on June 24, 2004.  <u>Schardt v. Payne</u>, 414 F.3d 1025, 1038 (9th Cir. 2005)(holding that <u>Blakely v. Washington</u> does not apply retroactively to a conviction that was final before that decision was announced.).

Applying the rule announced in <u>Summers</u>, Petitioner's conviction became final on  April 18, 2004, when the time for seeking review of the denial of his Rule 32 of-right petition expired. <u>Summers</u>, 481 F.3d at 711.  Thus, Petitioner's conviction was final before <u>Blakely</u> was decided and, therefore, the rule announced in <u>Blakely</u> does not apply to Petitioner's case.

**III.  Conclusion**

In summary, because Petitioner's Petition is untimely and Petitioner has not established any basis for equitably tolling the AEDPA limitations period, the Petition should be denied. Alternatively, the Petition should be denied for lack of merit because <u>Blakely</u> does not apply to Petitioner's case.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket # 1) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),

Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 14th day of May, 2007.


Lawrence O. Anderson
United States Magistrate Judge